WORTHINGTON and others *v.* PIERSON and wife.

Where a mortgage case stands on the fourth class, and an affidavit of merits (under the 91st rule) has been filed and once noted upon the calendar, it is not necessary to note it again upon any after calendar.

MOTION to set aside a decree, in a mortgage case. An affidavit of merits, under the 91st rule, had been filed on the second day of October, one thousand eight hundred and thirty-eight, and the following was the form of it :

*March* 13, 1839.

*Practice. Calendar. Note of affidavit of merits filed.*

(*Title.*) "Henry L. Pierson, one of the defendants in the above cause, being duly sworn, doth depose and say, that he has a good and meritorious defence in said cause, as he is advised by his counsel in said cause and verily believes to be true. And that his answer was put in with a view to meet said defence, which is two-fold : one part showing the complainants are claiming a relief which they are not entitled to ; and the the other part, showing the interest on the bond and mortgage paid in full and, in these respects, not for the purpose of delay. Sworn, &c."

The cause stood on the October calendar (1838) ; the solicitor for the defendants served a copy of the affidavit of merits ; and the same was also noted on the calendar. It was again placed on the calendar of the January term following ; but the clerk of the court had not again noted the filing of the affidavit. The court called the mortgage cases ; and a decree was had, while the counsel of the defendants did not happen to be in court or the court know that an affidavit had been filed.

Mr. *Sherwood,* for the motion to open the default.

Mr. *C. G. Havens,* contra.

THE VICE-CHANCELLOR :—The question is, whether there be a necessity to renew this note upon the calendar succeed-

ing the one on which it first appears ?   I am of opinion it is not. The motive is to give notice to the opposite party ; and here, it had been brought home to him, by service of a copy of the affidavit and by the original being filed and noted on the October calendar.   And when the counsel for the complainants moved for a decree, at the time the cause stood upon the January calendar, he should have apprized the court that an affidavit was filed ; and had he done so, I, probably, might not have allowed him to take such decree.   The object of the rule is not to give any preference where a cause is really to be argued on the merits.

I must hold the complainant not regular in the course he has pursued,   It is true that the opposing affidavits show there may be no meritorious defence.   But the matter does not come before me in a way to require an examination into merits.   If the defendant had come here expressly to be let in on merits, then I could have looked into the answer and affidavits with that view.   It is before me on a point of practice.

I shall vacate the decree and all proceedings under it ; but, as the point of practice is new, each party may bear his own costs.

*The counsel for the complainant,* asked : whether the court considered the affidavit of merits sufficient in point of form?

THE VICE-CHANCELLOR :—I conceive it satisfies the rule ; and contains all, if not even more, than was necessary.